Patricia A. Matias (SBN 254125)
Patricia.Matias@jacksonlewis.com
Katherine M. Svinarich (SBN 287976)
Kate.Svinarich@jacksonlewis.com
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Telephone: (949) 885-1360
Facsimile: (949) 885-1380

Attorneys for Defendant
OPTUM SERVICES, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| VERONICA MICHEL, an individual<br><br>Plaintiff,<br>vs.<br><br>OPTUM SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | **CASE NO.: 2:26-cv-13360**<br><br>[Removed from Los Angeles Superior Court Case No. 26STCV29843]<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>[Filed Concurrently with Civil Case Cover Sheet; Corporate Disclosure Statement; Notice of Interested Parties; Declarations of Amy Baligrodzki and Patricia A. Matias]<br><br>State Complaint Filed: September 21, 2026 |

**TO THE HONORABLE COURT, PLAINTIFF VERONICA MICHEL AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant OPTUM SERVICES, INC. ("Optum" and/or "Defendant"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332, 1441(a-b) and 1446 to remove this action from the Superior Court of California for the County of Los Angeles based on the grounds of diversity jurisdiction. In support thereof, Defendant asserts the following:

## I. STATEMENT OF THE CASE

1. On September 21, 2026, Plaintiff, VERONICA MICHEL ("Plaintiff") filed an unverified Complaint against Defendant OPTUM SERVICES, INC., in the Superior Court of the State of California, County of Los Angeles, entitled *Veronica Michel vs. Optum Services, Inc, et al.*, Case No. 26STCV29843. In the Complaint, Plaintiff alleges eight (8) causes of action for: 1) Disability Discrimination (Gov't. Code § 12940(a)); 2) Retaliation (Gov't Code § 12940(h), 12940(m)(2)); 3) Failure to Prevent Discrimination and Retaliation (Gov't Code § 12940(k)); 4) Failure to Accommodate (Gov't Code § 12940(m)); 5) Failure to Engage in the Interactive Process (Gov't Code § 12940(n)); 6) Wrongful Termination in Violation of Public Policy; 7) Failure to Permit Inspection and Provide Copies of Employment Records (Labor Code §§ 226, 1198.5); and 8) Retaliation in Violation of Labor Code § 1102.5. (Declaration of Patricia A. Matias ("Matias Decl.") at ¶ 3); (**Exhibit A - Complaint**.).

2. On October 23, 2026, Plaintiff filed a proof of service with the Los Angeles County Superior Court as to Defendant. (Matias Decl. at ¶ 4, **Exhibit B – State Court Docket**.)

3. On November 13, 2026, Defendant filed its Answer to Plaintiff's Complaint in the Superior Court of Los Angeles County. (Matias Decl. at ¶ 5, **Exhibit C – Defendant's Answer to Complaint**.)

4. As of the date of this Notice of Removal, **Exhibits A and C** to the Declaration of Patricia A. Matias constitute the only pleadings filed or received in this matter, and no

further proceedings have occurred in the State Court. (*Id*. at ¶¶ 2-5.)

**TIMELINESS OF REMOVAL**

5. This removal has been filed within thirty (30) days after Defendant was first served with a copy of Plaintiff's Summons and Complaint on October 15, 2026. Therefore, this Notice of Removal is filed within the time provided by 28 U.S.C. § 1446(b), because it is being filed within the statutory deadline.

**VENUE IS PROPER**

6. This action was filed in the Superior Court of California for the County of Los Angeles. Defendant is removing this action to the United States District Court for the Central District of California as the district "embracing the place where [the] action is pending."

7. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441(a) and 1332(a) because this is the judicial district of the court in which the action arose and where Plaintiff resides. (*See* Complaint, ¶¶ 1, 9).

## II. REMOVAL BASED ON DIVERSITY JURISDICTION

8. This case meets the requirements of 28 U.S.C. § 1332(a) and may be removed to federal court pursuant to 28 U.S.C. § 1441, because it is a civil action: (1) "between citizens of different States"; and (2) wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest. Diversity of citizenship is determined "as of the time the complaint is filed, and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) (citations omitted).

9. In this case, complete diversity of citizenship exists between the properly joined and served parties and the amount in controversy exceeds the sum or value of $75,000 exclusive of fees and costs. Therefore, this Court has subject matter jurisdiction over this case.

///

///

**A. <u>Diversity of Citizenship is Satisfied.</u>**

10. For diversity jurisdiction purposes, citizenship is determined by a person's domicile. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986); *see also Zavala v. Deutsche Bank Tr. Co. Ams.*, 2013 U.S. Dist. LEXIS 96719, at *9 (N.D. Cal. July 10, 2013) (citations omitted) ("A party's residence is 'prima facie' evidence of domicile. In the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes."). A plaintiff's place of residency is evidence of her domicile absent affirmative allegations to the contrary. *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) ("The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary.").

11. Plaintiff is a resident of the State of California, as she admits in her Complaint. (Complaint, ¶ 1.) During Plaintiff's employment, Plaintiff lived in Los Angeles County, California. (Declaration of Amy Baligrodzki ("Baligrodzki Decl.") at ¶ 1.) Thus, there is sufficient evidence establishing that Plaintiff is a citizen of California. The preponderance of the evidence demonstrates that Plaintiff is domiciled in California and is a citizen of California for the purposes of diversity jurisdiction. *See Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398 (9th Cir. 1996).

12. For purposes of diversity jurisdiction, a corporation's citizenship is determined by both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1).

13. Defendant  was, at the time of filing the Complaint in state court and at the time of removal still is, a Delaware corporation which maintains its principal place of business in Eden Prairie, Minnesota. (Baligrodzki Decl. at ¶4.)

14. The presence of Doe defendants has no bearing on the diversity of citizenship with respect to removal. *See* 28 U.S.C. § 1441(b)(1) ("[i]n determining whether a civil action is removable on the basis of jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

15. As such, complete diversity of citizenship exists between Plaintiff and Defendant within the meaning of 28 U.S.C. § 1332.

**B. <u>The Amount in Controversy Exceeds $75,000.</u>**

16. Without conceding that Plaintiff is entitled to damages or should recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000.00 as to Plaintiff against Defendant. 28 U.S.C. § 1332(a).

17. To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). When removal is based on diversity of citizenship, an amount-in-controversy requirement must be met. Ordinarily, "the matter in controversy [must] excee[d] the sum or value of $75,000." *See* 28 U.S.C. § 1332(a). In analyzing the amount in controversy, the court assesses and assumes the "maximum recovery" the plaintiff could reasonably recover. *Strojnik v. Hyatt Hotels Corp.*, No. CV-21-00741-PHX-DWL, 2022 U.S. Dist. LEXIS 29957, at *9 (D. Ariz. Feb. 18, 2022) (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019)).

18. The Complaint does not specify the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction. *See* 28 U.S.C. § 1446(c)(2)(A) (allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment and the State practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00); *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining….to place a specific dollar value upon its claim."). A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v.*

*Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

19. In analyzing the amount in controversy, the court assesses and assumes the "maximum recovery" the plaintiff could reasonably recover. *Strojnik, supra*, at *9 (quoting *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019)). The Court must presume the plaintiff will prevail on each and every one of his or her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994)) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated").

20. The amount in controversy may include general and special compensatory damages and attorneys' fees that are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998). Punitive damages may also be included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).

21. Plaintiff seeks an award of economic damages, non-economic damages, attorney's fees, punitive damages, pre-judgment interest, costs of suit and such further relief as the Court deems proper. (Ex. A, p. 16, "Prayer").

**i. <u>Amount in Controversy as to Lost Wages</u>.**

22. Economic damages, such as past and future lost wages, may be included in the amount in controversy. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000); *see also Hernandez v. Geodis Logistics, LLC*, No. 5:24-cv-00613-SSS-DTBx, 2024 U.S. Dist. LEXIS 165548, at *5-6 (C.D. Cal. Sept. 13, 2024) (considering past and future lost wages when deciding the amount in controversy).

23. Courts in employment cases have found that one year from the date of removal is a conservative trial date estimate for calculating the plaintiff's lost earnings—primarily

when the trial date is not yet set. *Reese v. Daikin Comfort Techs. Distrib., Inc.*, No. 2:24-cv-00050-AB-MAR, 2024 U.S. Dist. LEXIS 66612, at *11-12 (C.D. Cal. Apr. 10, 2024). Here, one year from the November 16, 2026 removal date would be November 16, 2027.

24. Plaintiff alleges she was effectively terminated on March 2, 2025. (Complaint, ¶¶ 22, 91). Plaintiff was a full-time employee earning $35.52 per hour. (CLIENT Decl. at ¶ 7). Thus, conservatively (not including the value of bonus and benefits), if Plaintiff were to recover back pay since her alleged termination (March 2, 2025) through the date of trial (assuming the case proceeds to trial in November 2027), she could receive a total of 140 weeks of lost wages, or approximately $198,912.

25. Accordingly, Plaintiff's total lost wages through a conservative trial projection would approximate $198,912, exclusive of: (1) emotional distress damages; (2) punitive damages; and (3) attorneys' fees.

26. Thus, Plaintiff's lost wages to date are at least $131,791.20 (89 weeks), and through trial will be approximately $198,912, which already comfortably exceeds the $75,000 jurisdictional threshold. When Plaintiff's projected lost wages are combined with her claims for emotional distress, punitive damages, and attorney's fees, the total amount in controversy well surpasses the $75,000 jurisdictional threshold.

**ii. Amount in Controversy as to Emotional Distress.**

27. The amount in controversy also includes general and compensatory damages such as pain and suffering, mental anguish, and emotional distress. *See Wilfong v. Tharco Packaging*, No. CV 14-14583-R, 2014 U.S. Dist. LEXIS 200991, at *6-7 (C.D. Cal. Aug. 21, 2014) (considering plaintiff's emotional distress damages to calculate amount in controversy). To determine the amount of emotional distress damages Plaintiff has put into controversy, the Court should consider awards in factually similar or analogous cases. *See Kroske*, 432 F.3d at 980; *Mejia v. Parker Hannifin Corp.*, No. CV 17-8477-MWF (RAOx), 2018 U.S. Dist. LEXIS 13289, at *8 (C.D. Cal. Jan. 26, 2018).

///

28. Here, among other things, Plaintiff seeks damages for "emotional distress, mental anguish and damage to her professional reputation." (Complaint, ¶ 27.). Emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

29. The jurisdictional minimum for cases filed in California state courts of unlimited jurisdiction is $25,000. *See* Cal. Code Civ. Proc. § 88. Thus, at a minimum, Plaintiff claims that her emotional distress damages exceed $25,000.

30. In factually similar or analogous cases, courts have awarded plaintiffs emotional distress damages far exceeding the $75,000 threshold. For example, in *Cheryl McElwain v. Kaiser Foundation Hospitals, et al.*, No. 30-2015-00768685-CU-WT-CJC (Orange County Superior Ct. December 21, 2016), plaintiff alleged that Kaiser terminated her employment due to her medical condition and requests for accommodation. The jury awarded $100,000 for plaintiff's past pain and suffering.

31. Defendant expressly denies the validity and merit of all of Plaintiff's claims, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. However, assuming Plaintiff will prevail on her claims for disability discrimination and retaliation alone, the above similar case law shows that Plaintiff may receive emotional damages in the amount up to $100,000, well exceeding the $75,000 jurisdictional threshold.

**iii. <u>Amount in Controversy as to Punitive Damages.</u>**

32. The amount in controversy also includes punitive damages when they are sought in the operative complaint. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Cuevas v. Lowes Home Ctrs., LLC*, No. 20-2755 PSG (KSx), 2020 U.S. Dist. LEXIS 206629, at *15 (C.D. Cal. Aug. 5, 2020); *Ochoa v. Costco Wholesale Corp.*, No. 2:22-cv-02287-KJM-AC, 2023 U.S. Dist. LEXIS 62321, at *6 (E.D. Cal. Apr. 7, 2023). Punitive damages are available under the Fair Employment and Housing Act. *Commodore Home Sys., Inc. v. Superior Ct.*, 649 P.2d 912, 918 (Cal. 1982).

33. Here, Plaintiff explicitly seeks punitive damages, alleging that Defendant engaged in conduct that was "willful, malicious, and oppressive, and were carried out with conscious disregard for Plaintiff's rights under the law. . . . Plaintiff therefore seeks all remedies authorized by law, including. . . . punitive damages." (Complaint, ¶ 28.).

34. In factually similar or analogous cases, plaintiffs have been awarded punitive damages that well exceed the $75,000 jurisdictional threshold alone. For example, in *Kimberly Perry v. eGumball, Inc., et al.* No. 30-2013-00692868-CU-WT-CJC (Orange County Superior Ct. June 18, 2015), a jury awarded the plaintiff $400,000 in punitive damages after finding a verdict of disability discrimination.

35. Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone for Plaintiff could also exceed the $75,000 jurisdictional minimum. Based on similar or analogous cases, it is clear that Plaintiff could receive punitive damages that can well exceed the $75,000 jurisdictional threshold.

**iv. <u>Amount in Controversy as to Attorneys' Fees</u>.**

36. The Ninth Circuit has held that "when a statute . . . provides for the recovery of attorneys' fees, prospective attorneys' fees *must* be included in the assessment of the amount in controversy." *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019) (emphasis added); *see also Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414-415 (9th Cir. 2018) ("the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious."). Similar or analogous cases are sufficient to estimate the amount of reasonable attorneys' fees that a plaintiff may incur. *Torres v. Ford Motor Co.*, No. 5:24-cv-02016-FLA (SHKx), 2024 U.S. Dist. Lexis 226484, at *6 (C.D. Cal. Dec. 13, 2024).

37. Here, Plaintiff seeks attorneys' fees. (*See, e.g.*, Complaint, ¶ 28.). Defendant's counsel reasonably estimates that attorneys' fees alone will exceed the sum of $75,000

through trial, if Plaintiff were to prevail. Defendant's lead attorney, Patricia A. Matias, has practiced employment litigation for over 15 years in California and is familiar with fees awarded to plaintiffs' attorneys in similar actions filed in California and federal court. (Matias Decl., ¶ 7.) Based on Ms. Matias's experience and Plaintiff's allegations, Defendant conservatively estimates that it will take at least 300 hours each for Plaintiff's two attorneys of record to litigate this case through trial, assuming trial begins one year from the date of this removal. (Matias Decl. ¶ 7; *see also* Complaint at p. 1 (listing Plaintiff's two attorneys as Aidin D. Ghavimi and Ryan S. Riddles)).

38. Moreover, Defendant conservatively estimates that the average hourly billing rate for a case like this would be in excess of $500 for a partner and in excess of $300 for an associate. (Matias Decl. ¶ 8.) Defendant further estimates that an associate's work on a case like this amounts to at least 65% of the total billable hours, with the remaining 35% of billable hours spent by the partner(s). (*Id.*).

39. Thus, assuming Plaintiff's counsel is entitled to attorneys' fees and assuming that 65% of the work will be completed by a junior associate, Ms. Matias reasonably and conservatively estimates that counsel would spend at least $222,000 in fees. ([Associate(s): $300 per hour x 390 hours (65% of total billable hours) = $117,000] + [Partner(s): $500 per hour x 210 hours (35% of total billable hours) = $105,000]). (*Id.*)

40. Accordingly, Plaintiff's demand for lost earnings damages, emotional distress damages, punitive damages, and attorneys' fees combined show that the amount "at stake" far exceeds the $75,000 jurisdictional threshold.

41. For these reasons, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed by Defendant to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## <u>NOTICE TO ALL PARTIES AND STATE COURT</u>

42. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal along with all supporting pleadings will be promptly served on all parties and filed with the Clerk of the Los Angeles County Superior Court.

All procedural requirements for notice under 28 U.S.C. § 1446, therefore, will be followed and satisfied.

## III. NO ADMISSION

43. By removing this Action to this Court, Defendant does not waive defenses, objections, or motions available to it under state or federal law, including jurisdiction, venue or failure to state a claim upon which relief can be granted.

44. Finally, Defendant does not concede in any way that the allegations in the Complaint or any other pleading discussed above are accurate, nor does Defendant concede that Plaintiff is entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, punitive damages, attorneys' fees, or any other relief.

WHEREFORE, Defendant hereby removes the above-entitled action now pending in the Superior Court of the State of California in and for the County of Los Angeles to this Court.

Dated: November 16, 2026

JACKSON LEWIS P.C.

By:______________________

Patricia A. Matias
Katherine M. Svinarich

Attorneys for Defendant
OPTUM SERVICES, INC.